## SHELBY CO BUILDING & LOAN ASSN OF SIDNEY v FOLKERTH

Ohio Appeals, 2nd Dist, Shelby Co

No 102. Decided Dec 1, 1936

U. H. Doorley, Sidney, for plaintiff-appellee.

Taylor Cummins, Sidney, and R. E. Boller, Jr., Sidney, for defendant-appellant.

## OPINION

By THE COURT

The above-entitled case comes into this court on notice of appeal on question of law by the defendant, Russell C. Folkerth. The action originated in the Court of Common Pleas of Shelby County and was one for forcible entry and detention. The plaintiff asked judgment for delivery of the possession of certain real estate described in the petition and for the sum of $5.00 per month as damages or rents from the 19th day of April, 1935.

The defendant, Folkerth, after admitting the corporate capacity of the plaintiff, denied generally all other allegations of the petition.

The Central Ohio Light & Power Company was also named as defendant by reason of their occupancy of the premises in question as a right-of-way for their power lines.

By agreement of counsel, incorporated in the order of the court, the rights of this defendant were permitted to stand as claimed in its answer.

The cause was submitted upon an agreed statement of facts, which later was filed as a part of the record in the case.

Jury was waived and the cause submitted to the trial court upon the pleadings, the agreed statement of facts and briefs. The final judgment was for the plaintiff, the judgment entry being filed May 22, 1936, wherein it was decreed that plaintiff recover from defendant the title and possession of the real property described in the petition, subject to the easement of the defendant The Central Ohio Light & Power Company, and further that plaintiff recover from defendant Russell C. Folkerth the sum of $62.00, as accrued damages for defendant's unlawful possession. Notice of appeal was filed within the statutory period.

By entry the First Federal Savings and Loan Association of Sidney, Ohio, is substituted as party plaintiff and appellee..

The following is a brief summary of facts which will render understandable the nature of the controversy and the manner in which the claimed errors arise:

On the 18th day of February, 1897, Bridget Riordan, as grantee, by virtue of a duly executed deed of conveyance, became the owner of a ten acre tract of land situated in Clinton Township, Shelby County, Ohio, and described by metes and bounds. The westerly boundary of said described tract was the center of the Wapakoneta Pike (now generally known as U. S. Route 25, Dixie Highway). This deed, as well as all other deeds of conveyance hereinafter referred to, was duly recorded with the County Recorder of Shelby County, Ohio, and in each instance the recording of all such instruments was promptly made so as to constitute a constructive notice to all subsequent grantees. Parenthetically, we might say no claim is made of any rights other than what are shown by the several deeds of conveyance.

On December 4, 1901, Bridget Riordan, by duly executed deed of conveyance, conveyed to The Western Ohio Railway Company a strip of land east of and immediately adjoining the Wapakoneta Pike, described by metes and bounds, and containing .35 acre, this description being identical with that contained in plaintiff's petition is set forth in full:

"Situated in the Township of Clinton, County of Shelby, State of Ohio, and described as follows, to-wit:

A part of the north half (½) of section Twenty-four (24) Township Eight (8) Range Six (6) East; Being a strip of land east of and immediately adjoining the Wapakoneta and Sidney pike and bounded and described as follows: beginning at a point in the east line of the Wapakoneta and Sidney pike which is twenty-two hundred and fifty-three (2253) feet east and Nineteen hundred and Twenty (1920) feet in a southerly direction from the north west corner of said Section Twenty-four (24); thence southerly along said east line of pike Three Hundred and Sixty-three (363) feet; thence east Thirty-nine and seven Tenths (39.7) feet; thence northerly three hundred and sixty-three (363) feet; thence west Forty-five and four Tenths (45.4) feet to the place of beginning and containing Thirty-five hundredths (.35) Acres."

Said deed of conveyance, among others, contained the following provision:

"If said premises be not used for electric street railroad purposes within one year from the date hereof, or if said premises be used for any other than for electric street railroad purposes or in case the same shall after being first occupied and used for electric street railroad purposes be abandoned or remain unused for the purpose aforesaid, for the period of one year then and in every such case the estate hereby granted unto the said The Western Ohio Railway Company, its successors and assigns shall cease and determine and the title to the above described premises shall revert and be revested in the grantor her heirs and assigns without further act or deed."

This deed of conveyance also contained a provision for the construction and maintenance of good and suitable crossings at all lanes, driveways and gateways along said premises.

In the agreed statement of facts it is stipulated that the above premises were occupied and used by The Western Ohio Railway Company for electric street railway purposes from the date of said deed until January, 1932, at which time the use of said premises for electric street railway purposes was abandoned and said premises have not been used for electric street railway purposes since that time.

On the 9th day of February, 1909, Bridget Riordan, by duly executed conveyance, transferred to Lena E. Schoeppe, a part or all of the premises originally purchased by her in 1897, the extent depending upon the construction to be placed on the description of this said deed from Bridget Riordan to Lena E. Schoeppe. Following the granting clause, we quote verbatim the start of the description:

"The following described real estate situated in Clinton Township, Shelby County, Ohio."

Then follows a full and complete description of the ten acre tract, identical in substance to that contained in the original conveyance to Bridget Riordan. Immediately following and in connection with this description is the exception, the first portion of which reads as follows:

"Except the following described tract heretofore sold to The Western Ohio Railway Company."

Thereafter follows, in identical language, the description of the .35 acres previously conveyed to The Western Ohio Railway Company, copy of which description is heretofore set forth in full. Following the words "containing .35 acres," is this additional language:

"And containing in all 9.65 acres."

On the 27th day of July, 1917, Lena E. Schoeppe conveyed the premises to C. L. V. Blue and Martha A. Blue. In this deed the description, exception and quantum were in the same language as in the deed through which she obtained title.

On the 9th day of October, 1919, C. L. V. Blue and Martha A. Blue conveyed the premises to Howard Copeland. The description, exception and quantum as set forth in this deed were substantially the same as in the prior deed.

On May 11, 1922, Howard Copeland conveyed the premises to R. B. Evans. The description and exception were identical with that in the prior deed. The quantum conveyed was set forth in slightly different language, as follows:

"Leaving said tract hereby conveyed containing 9.65 acres more or less."

On March 29, 1926, R. B. Evans conveyed the premises to Edward Brulport and Elizabeth Brulport. The description, exception and quantum of land conveyed are the same as in the deed from Copeland to Evans.

On September 16, 1936, Edward A. Brulport and Elizabeth Brulport conveyed the premises to William F. Schulenberg and Emma Schulenberg. The description, exception and quantum conveyed were in the same language as in the deed immediately preceding.

On the 1st day of November, 1934, William F. Schulenberg and Emma Schulenberg conveyed the premises to The Shelby County Building and Loan Association, of Sidney, Ohio, the plaintiff in the present action. The description, exception and quantum of land conveyed were the same as in the deed immediately preceding.

On February 25, 1935, Catherine Zimmerman and Jennie Ulery, being heirs at law and devisees of Bridget Riordan, conveyed to R. W. Hile all their right, title and interest of and to that portion of the premises that had been conveyed by Bridget Riordan to The Western Ohio Railway Company.

On April 1, 1935, Nellie Otto, as an heir at law and devisee of Bridget Riordan, also conveyed to R. W. Hile her interest in this .35 acre tract.

On April 9, 1935, R. W. Hile conveyed to R. C. Folkerth, the defendant and appellant, all his right, title and interest of and to the .35 acre tract.

We find in the briefs very able and learned discussions touching the character of the estate conveyed by Bridget Riordan to The Western Ohio Railway Company. Many authorities are cited touching the characteristics and qualifications of qualified or base fee, fee subject to condition subsequent, easement appurtenant, easement in gross, and included in the easement classifications is "mere right-of-way."

As we view the state of the record, the character of the estate conveyed to The Western Ohio Railway Company is immaterial. We arrive at this conclusion due to the fact that no conveyance was made to the plaintiff or its predecessors in title of the .35 acres conveyed by Bridget Riordan to The Western Ohio Railway Company.

The exception in the deeds of conveyance to the plaintiff and its predecessors in each and every instance excepts the specific physical property by metes and bounds and in the latter deeds expressly states that the quantum intended to be conveyed is 9.65 acres. When there is added the .35 acre conveyed to The Western Ohio Railway Company, it makes the total of 10 acres originally conveyed to Bridget Riordan. Plaintiff can not be heard to question

the character of the estate of the defendant, unless it can show a superior estate. Under the agreed statement of facts it has no estate in the .35 acres other than the easement or right-of-way for egress and ingress.

The exceptions in the deeds to plaintiff and its predecessors in title did not except the rights or title of The Western Ohio Railway Company, but they did except a described tract identified as the tract previously conveyed to The Western Ohio Railway Company and fully described by metes and bounds. Plaintiff's deed also expressly states that the quantum intended to be conveyed is 9.65 acres, which quantum necessarily excludes the .35 acre in question.

Had the deed to the plaintiff and its predecessors in title, starting with the first deed from Bridget Riordan, merely excepted the title and interest of The Western Ohio Railway Company to the tract definitely described, then we would have before us an entirely different situation.

Counsel for plaintiff-appellee cites the case of **Mitchell & Bowland Lumber Company v The Wabash Railroad Company, 3 N.P., 231.** In the reported case the question at issue was quite different from the instant case. However, the trial court, on page 232, does comment on the language and operative effect of the exception. The conveyance in the reported case described the entire tract, which necessarily included that occupied by the Railroad Company. The statement of fact shows that the railroad right-of-way cut the farm in two. The exception in the description read as follows·

"Excepting, however, the ground owned by the Toledo and Wabash Railway Company for right-of-way across the said premises."

The trial court arrived at the conclusion that the word "except" was an evident mistake and should be read "subject to." The nature or quality of the evidence from which the court arrived at this conclusion is not ascertainable. However, from the nature of the exception, very little evidence would be required to support the conclusion that it was excepting the right-of-way of the Railroad Company and not the physical property. Under the facts of the instant case no such conclusion can be arrived at.

There is also cited and appended to the brief a written opinion of Judge Mills in

case No. 11004 in the Court of Common Pleas of Shelby County, Ohio, wherein the court had under consideration a case involving the question of title to certain property previously occupied by The Western Ohio Railway Company but abandoned in 1932. In this case, decided by Judge Mills, the exception in the deed read as follows:

"Except the right-of-way of The Western Ohio Railroad and sub station."

This case is readily distinguishable in its facts from the instant case. We find nothing in the opinion lending aid to plaintiff-appellee's position in the instant case.

The judgment of the lower court will be reversed and costs adjudged against plaintiff-appellee.

Exceptions will be allowed.

BARNES and HORNBECK, JJ, concur.
CRAIG, PJ, not participating.